UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| JONYSE JOHNSON, ) | Case No. 05 B 63330 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| PS ILLINOIS TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 06 A 00712 |
| ) | |
| JONYSE JOHNSON, ) | |
| ) | |
| Defendant. ) | Judge Jacqueline P. Cox |

## MEMORANDUM OPINION

On July 16, 2001, Plaintiff and Defendant entered into a rental agreement pursuant to which Plaintiff, PS Illinois Trust, rented storage space to Defendant/ Debtor Jonyse Johnson at a cost of $113.00 a month.

It is alleged that as of October 2001, the Defendant/ Debtor was three months delinquent in making those payments.

In October 2001 the Defendant/ Debtor tendered two checks to the Plaintiff in partial payment of her obligation. Checks for $128.00 and $113.00 were drawn on her account at Armour-Kankakee Credit Union. The credit union closed the account because Defendant/ Debtor bounced eighteen checks on the account between January and June of 2001. The Defendant/ Debtor was informed of the account's closing on June 20, 2001, four months before the two checks were

tendered to the Plaintiff.

On January 3, 2002, Plaintiff conducted a statutory sale of Defendant/ Debtor's property. The sale yielded $510.00 cash, leaving a balance of $200.00 due the Plaintiff. One day prior to the sale, Defendant/ Debtor tried to pay the Plaintiff with a check drawn on the same closed account; Plaintiff refused to take this check.

Plaintiff asserts in its Adversary Complaint herein that Defendant/ Debtor owes it $200.00 compensatory damages, punitive damages, interest and attorneys' fees pursuant to 810 ILCS 5/3 - 806. Plaintiff also asks that the court find that this debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

Prior to the filing of Plaintiff's Adversary Complaint, the Debtor sued PS Illinois Trust in the United States District Court for the Northern District of Illinois. She asked there that the Illinois Self-Service Storage Facility Act, 770 ILCS 95/ 1 et seq, be declared unconstitutional and that she be compensated for PS Illinois Trust's breach of contract, consumer fraud, intentional infliction of emotional distress and conversion in selling her property on January 3, 2002.

The Defendant/ Debtor asks that the Court dismiss Plaintiff's Adversary Complaint, asserting that because both this Adversary Complaint and the district court suit arise out of the same occurrence, PS Illinois Trust's complaint should have been brought as a compulsory counterclaim in the district court suit pursuant to Fed. R. Civ. P. 13(a). The Debtor alleges that both actions lead to the same result.

Plaintiff responds that the two matters deal with different issues. The District Court case challenges the validity of the January 3, 2002, sale of the Debtor's property to satisfy the delinquent charges and the trust's refusal to accept the payment tendered on January 2, 2002. The adversary

proceeding seeks damages for the tender of bad checks in October 2001.

While each claim relies on the same background events, there is no overlap of the legally operative facts in the two complaints' allegations. PS Illinois Trust refers to its January 2, 2002 refusal to accept tender of a third check drawn on the closed account in its counterclaim herein; however, that fact has no bearing on the relief requested, as no relief is sought based on Debtor's January 2, 2002, conduct regarding the third check.

The trust argues that Fed. R. Civ. P. 13(a) does not govern whether it was required to file its complaint as a counterclaim to the Debtor's lawsuit. It asserts that Bankruptcy Rule 7013 applies.

Fed. R. Civ. P. 13(a) requires that a party plead as a counterclaim "any claim ... that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Bankruptcy Rule 7013 provides that Rule 13 of the Fed. R. Civ. P. applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property or the estate, unless the claim arose after the entry of an order for relief. Plaintiff's claim arose before entry of the order for relief in the bankruptcy case.

Claims possessed by the creditor which arose prepetition need not be asserted as compulsory counterclaims. In bankruptcy prepetition claims of creditors may be allowed or disallowed in accordance with bankruptcy claims procedures. Assertion of these claims as compulsory counterclaims in actions brought by the debtor or a bankruptcy trustee would limit this process. In addition, the Bankruptcy Rule 7013 exception applies where the action against the creditor is pending in bankruptcy court or the district court. In re Merritt Logan, Inc., 109 B.R. 140 (E.D. Pa. 1990).

## CONCLUSION

The Court finds that the two lawsuits concern separate issues of law and fact and that Bankruptcy Rule 7013 did not require that PS Illinois Trust file its complaint as a counterclaim in the District Court lawsuit.

Dated: June 20, 2006                              ENTERED:

                                                  _J.Cox_  *Jacqueline P. Cox*
                                                  Jacqueline P. Cox
                                                  United States Bankruptcy Judge